IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **ALI MIRZAZADEH JAVAHERI**,<br>Plaintiff,<br>v.<br>**OREGON HEALTH & SCIENCE UNIVERSITY**,<br>Defendant. | Case No. ____________<br>**COMPLAINT** (Discrimination)<br>42 USC § 1983; RACE DISCRIMINATION, GENDER DISCRIMINATION (ORS 659A.030); NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>MONETARY CLAIM FOR $2,140,000<br>ORS 21.160(1)(D) ($884)<br>NOT SUBJECT TO MANDATORY ARBITRATION<br>DEMAND FOR JURY TRIAL |

Plaintiff Ali Mirzazadeh Javaheri ("Plaintiff") alleges, at all times material herein:

**<u>VENUE & JURISDICTION</u>**

1.

Plaintiff is a resident of Multnomah County, Oregon. At all times relevant, Plaintiff was a medical student attending defendant Oregon Health & Science University ("OHSU"), a public corporation. OHSU's medical school is located in Multnomah County, Oregon.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

2.

Plaintiff provided timely notice of his claims pursuant to ORS 30.275.

**FACTUAL ALLEGATIONS**

**(Background)**

3.

Plaintiff moved to the United States at the age of 17 to pursue his dream of becoming a physician. Plaintiff initially attended Portland Community College and transferred to undergraduate studies at Portland State University. Plaintiff achieved academic excellence throughout his undergraduate studies. He learned English in under a year, competed against native English speakers, and gained admission to medical school on his first attempt.

**(Medical School)**

4.

On August 10, 2020, Plaintiff matriculated into the MD Program at OHSU's School of Medicine.

**(Academic Year 2020/2021)**

5.

The 2020/2021 academic year took place, in large part, during the lockdowns of the COVID-19 pandemic, which impacted the extent of the clinical experience students received in – for example – physical exam skills.

6.

In medical school, Plaintiff started experiencing difficulty staying organized, time management, task prioritization, and sorting relevant information during encounters.

7.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

Plaintiff was required to remediate three courses in the 2020/2021 academic year and passed all three remediation courses.

**(Academic Year 2021/2022)**

8.

Plaintiff was required to remediate two courses in the 2021/2022 academic year and passed both remediation courses.

9.

Effective February 19, 2021, OHSU placed Plaintiff on a *Second Academic Warning* for a period of 1-year while enrolled in the MD Program. Plaintiff received notice that he was on a *Second Academic Warning* on March 22, 2021. Plaintiff did not receive a *First Academic Warning*.

10.

On March 2, 2021, the Medical Student Progress Board ("MSPB") met to review Plaintiff's remediation history.

11.

By letter dated March 22, 2021, Plaintiff received notice from Associate Dean for Undergraduate Medical Education, Tracy Bumsted, M.D., M.P.H., that he had come to the attention of the MSPB because he had to complete remediation testing in two or more Foundation of Medicine courses.

12.

On September 7, 2021, the MSPB met to review Plaintiff's remediation history.

13.

By letter dated October 1, 2021, OHSU extended Plaintiff's *Second Academic Warning* through August 7, 2022.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

14.

On November 2, 2021, the MSPB met to review Plaintiff's remediation history.

15.

By letter dated November 28, 2021, OHSU extended Plaintiff's *Second Academic Warning* through October 23, 2022.

16.

On February 4, 2022, Plaintiff requested and OHSU approved additional time for Plaintiff to take the USMLE Step 1 Exam. OHSU provided Plaintiff until September 18, 2022, to pass the USMLE Step 1 Exam or to request an extension for up to a 1-year Leave of Absence maximum with a return date of April 3, 2023.

**(Leave of Absence)**

17.

On March 18, 2022, Plaintiff applied for – and on March 19, 2022, Plaintiff began – an academic leave of absence. Plaintiff's last day of class was March 18, 2022, and OHSU expected him to return to class on May 23, 2022.

**(Academic Year 2022/2023)**

18.

On October 3, 2022, Plaintiff submitted a request for a 1-year extension on his Leave of Absence dated September 21, 2022. Plaintiff's request noted that he needed more time to study, had been adjusting his study methods to his learning, and that he had also experienced personal life events that were taking time including addressing his housing situation and assisting one of his parents with the Citizenship process that he felt was important given the then-current socioeconomic space in Iran. The combined stressors of life and his relatively slow learning progress led him to consult classmates



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

and professionals. With the help of his peers and mentors, he felt that he saw improvement in his severe anxiety, study efficiency, and scores.

19.

On October 5, 2022, Dr. Bumsted unofficially approved the extension and advised that Plaintiff would receive an official letter outlining requirements at a later date.

20.

By letter dated November 21, 2022, OHSU notified Plaintiff that he must pass the USMLE Step 1 Exam by April 3, 2023.

21.

On February 25, 2023, Plaintiff passed the USMLE Step 1 Exam on his first attempt.

22.

On April 3, 2023, Plaintiff returned from his Leave of Absence.

23.

By letter dated May 26, 2023, OHSU extended the *Second Academic Warning* through November 6, 2023.

24.

Plaintiff received a "No Pass" grade in two Core Clinical Experience courses. Plaintiff later passed the remediation courses.

25.

On or around July 26, 2023, professor Rick Moberly, II, M.D., met with Plaintiff to discuss his performance during core rotation. Plaintiff reported that Natalie Jacqmotte, M.D. would tell him to "look it up" when he asked "why" and felt that when he asked "why" questions that Dr. Jacqmotte perceived them to be challenges instead of good faith inquiries. Plaintiff also reported that a preceptor



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

(advisor/supervisor/clinician) advised he could go on a walk and when he returned the patient had arrived early and the preceptor started without him. Plaintiff reported avoiding interactions with preceptors in those situations which occasionally led to missed patient appointments at the beginning of the day. Plaintiff also disclosed that he asked his father to message him to pretend that he was having an emergency so that he could leave early. Plaintiff later explained to the Provost that he needed to leave early because he was experiencing chest pains from the stress of interactions with Dr. Jacqmotte and did not want to disclose his symptoms and asked his father for assistance.

**(Academic Year 2023/2024)**

26.

By letter dated August 7, 2023, OHSU invited Plaintiff to attend the August 2023 MSPB meeting in response to the two “No Pass” grades. The MSPB “Course of Action” meetings are designed to allow the student to present their perspective regarding “No Pass” grades before OHSU decides next steps. Plaintiff requested to attend the September 2023 MSPB meeting instead.

27.

On August 11, 2023, Plaintiff requested to postpone the August 2023 MSPB meeting to allow him to consult with Drs. Pope and Black.

28.

Plaintiff received a “No Pass” grade for a Core Clinical Experience course in August 2023. Plaintiff later passed the remediation course.

29.

By letter dated August 23, 2023, OHSU invited Plaintiff to attend the September MSPB meeting.

30.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

On September 5, 2023, Plaintiff attended the MSPB Course of Action meeting. During the Course of Action meeting, Plaintiff stated that one of his advisors and an attending in Internal Medicine suggested to him that he may have undiagnosed ADHD as a contributing factor to his performance and that he had scheduled an appointment regarding the same. Plaintiff also disclosed that he requested assistance from his father with a reason to leave early when he experienced chest pains. MSPB did not take action regarding Plaintiff's self-disclosed request for assistance from his father until a year later after Plaintiff obtained a formal diagnosis of ADHD and approved disability "accommodations.

31.

By letter dated September 12, 2023, OHSU placed Plaintiff on Academic Probation effective September 5, 2023, through September 6, 2024.

32.

Plaintiff's preceptors generally recognized that Plaintiff was working hard and trying to pass but struggled with organization and attention. One preceptor noted, "There appear to be marked problems in executive function (regardless of possible diagnoses or lack thereof, external stressors can also tac executive function). The student has a reasonable knowledge base and the requisite drive/desire, but is not able to translate that into practical work-skills as demonstrated by difficulties turning in work on time, changing focus of assignments without discussing with attendings (including not following up on a patient in favor of a different task), difficulty with time management and task prioritization." Another preceptor noted, "It does sound like they are an early learner and significantly hampered in their progress by disorganization, inability to focus and deliver timely communication."

///

///

///



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

33.

On September 19, 2023, Plaintiff visited the Student Health & Wellness Center where he saw Carrie E. Milligan, M.D., and was diagnosed with depression unspecified and anxiety disorder unspecified.

34.

By letter dated September 28, 2023, OHSU invited Plaintiff to attend the October 2023 MSPB meeting in response to the third "No Pass" grade.

35.

On October 3, 2023, Plaintiff attended the MSPB Course of Action meeting.

36.

By letter dated October 7, 2023, OHSU notified Plaintiff that it voted to allow Plaintiff to continue in the curriculum and to not proceed to a Dismissal Hearing.

37.

On October 10, 2023, Dr. Milligan again encountered Plaintiff and diagnosed him with ADHD inattentive type.

38.

Competency Assessments from remediation courses in the fall of 2023 remark on his overall improvement, dedication, and positive work. One preceptor noted: "I worked with Ali for 3 weeks. He initially communicated difficulty with internal medicine and wanting to improve. And he 100% improved, won the most improved award."

39.

On February 22, 2024, a preceptor raised concerns about Plaintiff's performance, represented that other faculty have raised the same concerns regarding his learning progress, inefficiency, and



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

coming across as overconfident while not meeting expectations. The preceptor also noted that Plaintiff had shown up an hour late to clinic twice from oversleeping. The preceptor raised concerns that Plaintiff was experiencing burnout.

40.

By memorandum dated March 14, 2024, the OHSU Office for Student Access ("OSA") determined that Plaintiff was a qualified student with a disability entitled to a reasonable accommodation pursuant to Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, and other federal and state regulations prohibiting discrimination on the basis of disability.

41.

OSA approved extended time (time-and-a-half) for computer-based, multiple choice, or written exams and quizzes, excused absences during clinical rotations for medical appointments, schedule modifications, and short breaks during clinical rotations to manage medical needs.

42.

On March 19, 2024, Plaintiff met with Becca Cantone, M.D., the Assistant Dean of UME Student Affairs, Program Accommodation Liaison, and they agreed that a curriculum slowdown would be in his best interest for academic success.

43.

On March 21, 2024, OHSU employee Kaitlin Seymore provided Plaintiff with a draft slowdown schedule.

///



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

44.

On March 22, 2024, another preceptor raised concerns that Plaintiff had an "obvious lack of confidence," was repeatedly apologizing, and was reluctant to perform exams stating that he did not want to hurt anyone.

45.

In February and March 2024, Plaintiff received "No Pass" grades for two Core Clinical Experience classes.

46.

By letter dated April 26, 2024, OHSU invited Plaintiff to attend the May 2024 MSPB meeting in response to a "No Pass" grade. MSPB updated the letter on May 1, 2024, due to a second "No Pass" grade.

47.

On May 6, 2024, Plaintiff submitted a request for Curriculum Slowdown along with a letter of support.

48.

On May 7, 2024, Plaintiff attended the MSPB Course of Action meeting.

49.

By letter dated May 17, 2024, OHSU invited Plaintiff to attend a Dismissal Hearing on June 4, 2024, and extended Academic Probation through November 8, 2024.

50.

On May 19, 2024, Plaintiff discussed with Dr. Cantone various options related to protecting his future in the medical field.

///


LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

51.

On May 22, 2024, Plaintiff requested to postpone the Dismissal Hearing to obtain legal counsel and to prepare and was granted the extension until August 6, 2024.

52.

Multiple doctors submitted letters of support to the MSPB on Plaintiff's behalf.

53.

Leading up to the Dismissal Hearing, Plaintiff made multiple attempts to meet with Nathan Selden, M.D., because he understood that Dr. Selden would be deciding whether to dismiss him from the MD Program. OHSU told Plaintiff that his resources were limited to Dr. Cantone and Dr. Bumsted pursuant to the disciplinary procedures in the medical student handbook. Plaintiff reviewed the handbook and did not find terms limiting his resources.

54.

By letter dated June 18, 2024, Dr. Milligan noted that Plaintiff had been regularly engaging in treatment with herself and therapist Christina Williams, LMFT. Dr. Milligan noted that Plaintiff's stressors included a car accident during the first year of medical school, separation from family with most social supports in Iran, and cultural differences between the workplace in Iran and the United States.

55.

Plaintiff's attorney appeared by email at 7:21 p.m. on July 29, 2024, and requested flexibility in submitting documents in support of Plaintiff but Dr. Bumsted refused and stated they were due at 9:00 a.m. the next morning. Plaintiff's attorney submitted additional documentation to be included with the hearing packet at 11:22 a.m. on July 30, 2024, and Dr. Bumsted refused to include the materials in the hearing packet despite the packet not yet having been distributed and the hearing not being until August 6, 2024.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

56.

On July 30, 2024, Plaintiff received a Pre-Hearing Packet for the upcoming Dismissal Hearing scheduled for August 6, 2024.

57.

On August 5, 2024, Plaintiff received a supplement to the Pre-Hearing Packet for the Dismissal Hearing scheduled to take place the following day.

**(Dismissal Hearing)**

58.

On August 6, 2024, the MSPB met for Plaintiff's Dismissal Hearing.

59.

Plaintiff appeared to the Dismissal Hearing with his attorney, Kevin Brague, who presented a statement to the MSPB members. Plaintiff was also answered questions posed by MSPB members.

60.

Plaintiff notified the MPSB of his diagnoses and requested an opportunity to see how he performed with accommodations. Instead of providing Plaintiff with an opportunity to move forward in the probationary process with disability accommodations to determine whether accommodations would improve Plaintiff's performance, the MSPB decided that it would not provide Plaintiff an opportunity to perform with accommodations.

61.

OHSU informed Plaintiff that the hearing would be recorded and subsequently shared with him. Plaintiff attempted to obtain a copy of the recording and was denied.

///

///



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

62.

By letter dated August 7, 2024, OHSU notified Dr. Bumsted that they were recommending Plaintiff's dismissal from the MD Program. The MSPB was comprised of 14 members who voted on dismissal as follows: 9 in favor, 1 opposed, 4 abstentions, and 0 recusals. Dr. Bumsted discussed the recommendation with the Dean of the OHSU School of Medicine and they accepted and approved MSPB's dismissal recommendation.

63.

The MSPB cited three reasons for recommending dismissal from the MD Program: a lack of integrity, failure to pass 5 out of 6 core clinic experience rotations, and not performing at the expected level.

**(Dismissal)**

64.

By letter dated August 14, 2024, Dr. Bumsted notified Plaintiff that his dismissal from the School of Medicine was effective immediately. OHSU provided Plaintiff with the opportunity to appeal to the Provost.

**(Appeal)**

65.

By letter dated August 28, 2024, Plaintiff appealed OHSU's decision to dismiss him from the MD Program. Plaintiff opposed the culture of retaliation from OHSU's administration when students disclose mental health conditions, noting that the fear of administrative retaliation creates a barrier to seeking the support needed to succeed. Plaintiff reported that he is not neurotypical and that preceptors would make comments that he had "odd reactions," or that he seemed "very out of place," or that he was "so weird" – comments that he internalized as unacceptable deficits.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

66.

In his appeal to the Provost, Plaintiff also reported that he felt the criticisms of his professionalism were based on the standard of "white men's appearance and conduct in the nineteenth century." Plaintiff felt pressure to conform to those standards and shaved his beard to avoid professional and academic biases.

67.

By letter dated September 24, 2024, Executive Vice President and Provost Marie Chisholm-Burns, Pharm.D., Ph.D., M.P.H., M.B.A., FCCP, FASHP, FAST, FACHE denied the appeal.

68.

Defendant did not provide a Medical Student Performance Evaluation to Plaintiff resulting in rejections from transfer programs due to incomplete applications where an MSPE was required. Plaintiff also has a 7-year licensing window from the date of passing Step 1 USMLE which has caused medical schools to decline transfer because there is insufficient time remaining to complete clerkships, graduate, enter residence, and pass Steps 2 and 3 prior to the expiration date.

69.

As a result of Defendant's conduct, Plaintiff suffered extreme emotional distress in the form of extreme anxiety, depression, loss of self-esteem, indignity, embarrassment, loss of sleep, and humiliation. Plaintiff was diagnosed with post-traumatic stress disorder from his experience with Defendant. Plaintiff must also restart his medical education by retaking the MCAT and completing a 4-year MD program, resulting in an approximate 7-year delay in practice.

**FIRST CLAIM FOR RELIEF**

**Violations of Section 504 of the Rehabilitation Act of 1973**



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

70.

Plaintiff realleges and incorporates paragraphs 1 through 69 as though fully set forth herein. Pursuant to 29 U.S.C. § 794, "No otherwise qualified individual with a disability in the United States…shall, solely by reason of… his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance….

71.

Plaintiff is qualified for medical school. OHSU is a public university that receives financial assistance from the Federal government. Plaintiff has mental impairments, and was regarded as having mental impairments by OHSU, that affect his cognitive and executive functioning that substantially limit major life activities, namely the ability to think, concentrate and focus, organize, meet deadlines, learn, read, write, communicate, interact with others, sleep, and prioritize. OHSU denied Plaintiff the benefits of its MD Program and subsequently excluded Plaintiff from the MD Program solely by reason of his disability.

72.

Defendant knew that Plaintiff had several disabilities affecting cognitive and executive functioning. Defendant knew that Plaintiff was working hard, dedicated to the program, and that his performance consistently improved with extra time including remediation. Defendant knew that Plaintiff was newly diagnosed with disabilities affecting cognitive and executive functioning and had only recently obtained a plan to assist him in being successful in the MD Program with accommodation. Plaintiff had medication and it was early in the medication process at the time of the Dismissal Hearing. Defendant was aware that each of its reasons for dismissing Plaintiff from the MD Program were directly related to his disabilities and discrimination related thereto, including but not



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

limited to not passing core clinic experience rotations, and not performing at the expected level. At least one preceptor identified the cognitive and executive functioning issues and suggested that Plaintiff would have performed better under different circumstances. Several practitioners supported Plaintiff's continued participation in the MD Program.

73.

Defendant failed to accept Plaintiff's supplemental materials for the MSPB's review when submitted only a couple hours after the deadline when fully aware that Plaintiff struggled with deadlines and was aware of Plaintiff's disabilities. Defendant belatedly provided Plaintiff's supplemental materials to the MSPB the day before the Dismissal Hearing and knew, or should have known, that the MSPB members would not have time to review and/or digest the information provided in the supplemental packet, placing Plaintiff at a substantial disadvantage during the Dismissal Hearing. Defendant placed Plaintiff before an MSPB panel that was underinformed and biased in favor of Defendant's position. By failing to provide Plaintiff with an academic term to perform with accommodations, Defendant failed to provide a meaningful opportunity to demonstrate a probability of success in the MD Program with accommodation. Defendant acted with deliberate indifference to Plaintiff's federally protected rights and disregarded a strong likelihood that their action or inaction violated the law.

74.

Plaintiff suffered economic damages in the form of the lost value of tuition already paid for the time in Defendant's MD Program, medical expenses for therapy related to the emotional harm Defendant's discriminatory conduct caused to Plaintiff, diminished earning capacity, and three years of wages due to a delayed practice start in an amount to be proven at trial but estimated to be $1,890,000, and non-economic damages in the form of lost education opportunities in an amount to be



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

proven at trial but estimated to be $87,000. Plaintiff requests his economic and non-economic damages, reasonable attorney fees and costs pursuant to 29 U.S.C. § 794(a), (b), and 42 U.S.C. § 2000e-5, as well as injunctive relief in the form of reinstatement into the MD Program.

**SECOND CLAIM FOR RELIEF**

**Violations of ORS 659A.142(5)**

75.

Plaintiff realleges and incorporates paragraphs 1 through 74 as though fully set forth herein. Pursuant to ORS 659A.142, "It is an unlawful practice for state government to exclude an individual from participation in or deny an individual the benefits of the services, programs or activities of state government or to make any distinction, discrimination or restriction because the individual has a disability."

76.

Defendant excluded Plaintiff from participation in and denied him the benefits of a slowdown schedule, OSA approved program of extended time for computer-based, multiple choice or written exams and quizzes, excused absences during clinical rotations for medical appointments, schedule medications, and short breaks during clinical rotations to manage medical needs and ultimately excluded Plaintiff from participation in the MD Program altogether. Defendant knew that Plaintiff had received OSA approval for several accommodations and denied him the benefit of those services and programs because of his disabilities. Defendant's dismissal letter specifically cited Plaintiff's symptoms, stating, "your performance, while improved with remediation, demonstrates persistent challenges with organization, gathering basic clinical information, developing differential diagnoses, communication and documenting Assessments and Plans, along with needing frequent guidance and correction of deficiencies from attending physicians and residents…." Defendant also noted that



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

Plaintiff made progress but that progress was not sustained. Defendant knew that Plaintiff had not yet had the opportunity to perform with the assistance of disability accommodations.

77.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to ORS 659A.885.

**THIRD CLAIM FOR RELIEF**

**Violations of 42 U.S.C. § 1983 – Due Process**

78.

Plaintiff realleges and incorporates paragraphs 1 through 77 as though fully set forth herein. Pursuant to 42 U.S.C. § 1983, "Every person who, under color of [law]… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…." Pursuant to the United States Constitution, Amendment XIV, "No State shall…deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Pursuant to OHSU Policy No. 02-30-050(2), Plaintiff was entitled to his program director informing the associate dean in writing of the reasons for the dismissal recommendation, written notification of the opportunity to participate in a hearing including an explanation of student rights and the basis for the dismissal recommendation, and written notification of the date, time, and place of the hearing. Pursuant to OHSU Policy No. 02-30-050(4) and Related Policy 02-30-050(4), Plaintiff was entitled to "an impartial hearing." Pursuant to OHSU Related Policy



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

02-030-050(4)(C), the MSPB Chair "must maintain an audio record of the hearing." Pursuant to OHSU Policy and Related Policy No. 02-030-050(5), Plaintiff had a right to appeal the decision to the provost.

**(Count 01 – Property Interest)**

79.

Plaintiff realleges and incorporates paragraphs 1 through 78 as though fully set forth herein. Plaintiff had a property interest in certain procedures promised to him through the OHSU Policies. Defendant deprived Plaintiff of his property interest in the following particulars:

a. Upon information and belief, a program director did not recommend dismissal;

b. Defendant dismissed him from the MD Program without notifying him that the MSPB was considering dismissal based on dishonesty;

c. Defendant failed to conduct an impartial hearing by delaying submission of Plaintiff's material to the MSPB;

d. Defendant deprived Plaintiff of a meaningful opportunity to be heard by the provost by failing to provide Plaintiff with a copy of the audio recording of the Dismissal Hearing for his review and reference in his appeal.

80.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**(Count 02 – Liberty Interest)**

81.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

Plaintiff realleges and incorporates paragraphs 1 through 80 as though fully set forth herein. Plaintiff had a liberty interest in his reputation and good name. Defendant deprived Plaintiff of his liberty interest when they dismissed him from the MD Program for reasons including dishonesty.

82.

By letter dated May 17, 2024, Defendant provided Plaintiff with notice that they were proceeding to a Dismissal Hearing "based on the charge that you have not met the academic expectations for MD students in the School of Medicine." The letter noted that "the MSPB will consider your entire cumulative academic and professionalism performance up to the date of this hearing" but did not provide notice of specific proposed reasons for dismissal. The notice was overly broad and ambiguous regarding whether this was an academic or disciplinary issue. In the determination letter dated August 14, 2024, Defendant notified Plaintiff that they were dismissing him for his "lack of integrity," in addition to not passing courses. Plaintiff did not have adequate notice, an opportunity to examine those accusing him of a lack of integrity, or an opportunity to prepare or be heard regarding the alleged lack of integrity.

83.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**

**Disability Discrimination – ORS Chapter 659A**

84.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

Plaintiff realleges and incorporates paragraphs 1 through 83 as though fully set forth herein. Pursuant to ORS 659A.350, "An intern is considered to be in an employment relationship with an employer for purposes of the employee protections provided under ORS … 659A.112, … 659A.142…." Plaintiff was Defendant's intern whom Defendant was not committed to hire and whose internship supplemented training given in an educational environment designed to provide Plaintiff with experience, enhance Plaintiff's employability, was performed under close supervision of existing staff, did not displace regular employees, and provided no immediate advantage to Defendant. Pursuant to ORS 659A.112(1), "It is an unlawful employment practice for any employer to … bar or discharge from employment or to discriminate in…terms, conditions or privileges of employment on the basis of disability." Pursuant to ORS 659A.112(2)(e), "An employer violates subsection (1) of this section if the employer…does not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." Pursuant to ORS 659A.112(2)(f), "An employer violates subsection (1) of this section if the employer… denies employment opportunities to a job applicant or employee who is a qualified individual with a disability, if the denial is based on the need of the employer to make reasonable accommodation to the physical or mental impairments of the employee or applicant."

**(Count 01 – Failure to Make Accommodation, Interactive Process)**

85.

Plaintiff realleges and incorporates paragraphs 1 through 84 as though fully set forth herein. Plaintiff has a disability and was regarded as having a disability by Defendant and its employees. Defendants were doctors and aware of the symptoms of ADHD. Defendants nonetheless failed to engage in the interactive process and make reasonable accommodation to the known mental limitations



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

of Plaintiff, a qualified individual with a disability. Defendants further failed to engage in the interactive process by working with Plaintiff to continue his clinical rotations with accommodations and engage in conversations about what was or was not working.

86.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to ORS 659A.885.

**(Count 02 – Failure to Allow Continued Clinical Rotations)**

87.

Plaintiff realleges and incorporates paragraphs 1 through 86 as though fully set forth herein. Plaintiff has a disability and was regarded as having a disability by Defendant and its employees. Defendant violated ORS 659A.112 when it denied Plaintiff continued clinical rotations based on the need for Defendant to make reasonable accommodation to Plaintiff's mental impairments.

88.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to ORS 659A.885.

**(Count 03 – Discrimination)**

89.



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

Plaintiff realleges and incorporates paragraphs 1 through 88 as though fully set forth herein. Plaintiff has a disability and was regarded as having a disability by Defendant and its employees. Defendants were doctors and aware of the symptoms of ADHD. Defendants nonetheless discriminated against Plaintiff in the terms, conditions, and privileges of his employment on the basis of Plaintiff's disabilities as set forth in the paragraphs above. Defendant's reviews of Plaintiff's performance and "No Pass" notes to often focused on ADHD symptoms, i.e., "significantly hampered in their progress by disorganization, inability to focus and deliver timely communication," "he had difficulty organizing and triaging information," "he required significant guidance and re-direction in order to stay focused, and he had difficulty triaging relevant details even with re-direction," "student worked hard but was inefficient," "had no trouble with pattern recognition but usually bogged down in details and easily distractible or tangential," "mildly hyperactive, having trouble with attention and particularly easily distracted during his presentations (including tangentially related thoughts about his differential diagnosis or reporting labs)." Ultimately, Defendant dismissed Plaintiff from the MD Program and, therefore, from clinical rotation, because of his ADHD symptoms including "persistent challenges with organization."

90.

As a result of Defendant's unlawful conduct, Plaintiff suffered economic damages in the amount of $1,890,000 and non-economic damages as set forth in the paragraphs above in the amount of $250,000. Plaintiff requests his economic and non-economic damages along with reasonable attorney fees and costs pursuant to ORS 659A.885.

WHEREFORE, Plaintiff requests the following relief:

FIRST CLAIM FOR RELIEF

1. Economic damages of $1,890,000;



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

2. Non-economic damages of $87,000;
3. Reinstatement into the MD Program;
4. Reasonable attorney fees and costs pursuant to 29 U.S.C. § 794(a), (b), 42 U.S.C. § 2000e-5.

SECOND CLAIM FOR RELIEF

1. Economic damages of $1,890,000;
2. Non-economic damages of $250,000;
3. Reasonable attorney fees and costs pursuant to ORS 659A.885.

THIRD CLAIM FOR RELIEF

1. COUNT 01
   a. Economic damages of $1,890,000;
   b. Non-economic damages of $250,000;
   c. Reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.
2. COUNT 02
   a. Economic damages of $1,890,000;
   b. Non-economic damages of $250,000;
   c. Reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

FOURTH CLAIM FOR RELIEF

1. COUNT 01
   a. Economic damages of $1,890,000;
   b. Non-economic damages of $250,000;
   c. Reasonable attorney fees and costs pursuant to ORS 659A.885.
2. COUNT 02
   a. Economic damages of $1,890,000;


LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#

b. Non-economic damages of $250,000;

c. Reasonable attorney fees and costs pursuant to ORS 659A.885.

3. COUNT 03

a. Economic damages of $1,890,000;

b. Non-economic damages of $250,000;

c. Reasonable attorney fees and costs pursuant to ORS 659A.885.

DATED: August 13, 2026.

/s/ *Kevin T. Lafky*
Kevin T. Lafky, OSB#852633
Email: klafky@lafky.com
LAFKY & LAFKY
*Attorneys for Plaintiff*



LAFKY & LAFKY
429 Court Street NE, Salem, OR 97301
www.lafky.com • info@lafky.com • T. 503.585.2450 • F. 503.585.0205#